In the Matter of the Receivership of the Columbian Marine Insurance Company.

The equitable rights of the creditors of an insolvent corporation, in the distribution of its assets by the receiver, are subject to prior claims for taxes for the collection of which a warrant had been duly issued before the property passed from the possession of the corporation.

Appeal from an order of the Supreme Court in the first judicial district, affirming an order made at Special Term by Mr. Justice Ingraham.

The Columbian Marine Insurance Company having become insolvent, a proceeding was brought against it under the statute by a stockholder, which resulted in the appointment of receivers, who filed their bonds on the 24th of January, 1866, and thereupon entered into possession of the property of the company.

The company had been duly taxed, for the year 1865, for its personal property in the city of New York, to the amount of $96,048.84.

The corrected assessment rolls, together with the warrant for the collection of this amount, were duly delivered by the board of supervisors to Murphy, the receiver of taxes, on the 28th of September, 1865. On the 19th of January, 1866, the receiver demanded this amount from the secretary of the company, who promised to pay, but asked for a short delay. On the faith of this promise, the receiver took no steps to collect the taxes until the 24th of January, 1866, when he issued his warrant to one of the marshals. The marshal gave notice, in writing, of the issue of this warrant to the company, on the same day, and made a demand of the amount. No property could be found on which an actual levy could be made; the assets of the company consisting of choses in action. This was the day the receivers filed their bonds. The receivers thereupon applied for and obtained a temporary injunction from the Supreme Court restraining the marshal from any interference with the property. The

tax commissioners also applied to the Supreme Court for an order that the receivers pay the taxes in preference to the claims of other creditors. None of the individual creditors of the company had obtained judgment. The motions, on these two applications, came up together before Judge INGRAHAM, who denied the motion of the receivers for a permanent injunction, and made an order, sustaining the claim of the tax commissioners, that the tax should be paid in the first instance; and that the unascertained demands of the other creditors were subordinate to the prior and paramount claim of the public treasury to the amount legally assessed, and embraced in a warrant in due form, as the quota of the owner of the property toward the maintenance and support of the government. The order was affirmed at the General Term, and the receivers appealed from the decision.

*Dudley Field,* for the appellants.

*Richard O'Gorman* and *Nelson Smith,* for the respondents.

PORTER, J. There is great force in the argument submitted by the counsel for the corporation of the city of New York, in support of the broad position, that the people of this State have succeeded to all the prerogatives of the British crown, so far as they are essential to the efficient exercise of powers, inherent in the nature of civil government, and that there is the same priority of right here, in respect to the payment of taxes, which existed at common law in favor of the public treasury.

It is unnecessary, however, to express an opinion on this question, as we entertain no doubt that, in this case, the lien acquired by the public authorities, when the warrant was issued, is entitled to take precedence of the equitable claim of the creditor of the corporation. At the date of the warrant, the property was in the hands of the corporation. The interest subsequently acquired by the creditor was subject to the prior rights of the State; and when the property, in virtue of legal process, came to be *in custodia legis,* it was the duty of the court to respect this priority of right in the applica-

tion of the funds of the insolvent corporation.   The dissolution of the latter having already been adjudged by the court, the intervention of the attorney-general was unnecessary.

The application of the fund to this purpose, in the first instance, involves no departure from the policy of the statute, regulating the distribution of the assets of insolvent corporations. (2 R. S., 470, § 79.)   Such assets consist, practically, only of the residue remaining, after the discharge of all antecedent claims entitled to priority of payment under the settled rules of general law; and in making such distribution, the courts cannot ignore the universal and familiar rule, that a general statute is never to be so construed as to extinguish the rights of the government by which it is enacted, unless it is couched in terms which unmistakably evince such an intent. (*The People* v. *Gilbert*, 18 Johns., 227, 229 ; *United States* v. *Hoar*, 2 Mason, 311, 314).

The order of the Supreme Court should be affirmed, with costs.

Judgment accordingly.